**IN THE UNITED STATES DISTRICT COURT  
FOR THE NORTHERN DISTRICT OF TEXAS  
DALLAS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **vs.** | ) | **No. 3:09-CR-234-O (BH)** |
| | ) | |
| **TOMMIE JOE HAMILTON,** | ) | **Referred to U.S. Magistrate Judge** |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to the order of referral dated May 11, 2016 (doc. 38), before the Court is *Petitioner's Motion for Court to Enter a Nunc Pro Tunc Order in this Case to Correct Oversights, Mistakes, and Inadvertent Omissions by Petitioner and Legal Counsel*, received May 10, 2016 (doc. 37). Based on the relevant filings and applicable law, the motion should be **DENIED**.

**I.**

On September 30, 2009, Tommie Joe Hamilton (Defendant) pled guilty to three counts of bank robbery in violation of 18 U.S.C. § 2113(a). (Docs. 12, 28.) He was sentenced to 120 months' imprisonment for each count, with the sentences to run concurrently. (Doc. 23.) His appeal was dismissed. (Docs. 35, 36.) Defendant now claims that he served five years in state prison for a violation of his state parole due to his federal convictions. He contends the federal judgment did not provide that the federal sentence would run concurrent with his state sentence, and he seek a *nunc pro tunc* order to correct that omission and grant him credit on his federal sentence for the five years he served in state prison.[1]

**II.**

The computation of sentence credit awards is done by the Attorney General of the United

---

[1] The phrase "nunc pro tunc", which is Latin for "now for then", refers to actions taken by a court through its inherent power to correct an omission from the record, and which have retroactive legal effect. *See* Black's Law Dictionary (10th ed. 2014).

States, through the Bureau of Prisons (BOP), and not the courts. *U.S. v. Setser*, 607 F.3d 128, 132-33 (5th Cir.2010). BOP Program Statement 5160.05 provides that "[w]here a federal sentence was imposed before a state sentence, the BOP may indirectly award credit for time served in state prison by designating nunc pro tunc the state prison as the place in which the prisoner serves a portion of his federal sentence." *United States v. Jack*, 566 F. App'x 331, 332 (5th Cir. 2014), citing *Pierce v. Holder*, 614 F.3d 158, 160 (5th Cir. 2010) and *Hunter v. Tamez*, 622 427, 429 & n. 2 (5th Cir. 2010). Courts have no authority under this statement to make a nunc pro tunc designation; they may only review challenges to BOP's refusal to make a designation under 28 U.S.C. § 2241. *Id.*

Here, Defendant relies on U.S.S.G. § 5G1.3(b) in support of his motion. Section 5G1.3 of the Sentencing Guidelines provides:

> (a) If the instant offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status) or after sentencing for, but before commencing service of, such term of imprisonment, the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment.
>
> (b) If subsection (a) does not apply, and a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of §1B1.3 (Relevant Conduct) and that was the basis for an increase in the offense level for the instant offense under Chapter Two (Offense Conduct) or Chapter Three (Adjustments), the sentence for the instant offense shall be imposed as follows:
>
>> (1) the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and
>>
>> (2) the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.
>
> (c) (Policy Statement) In any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term

of imprisonment to achieve a reasonable punishment for the instant offense. "Nothing in § 5G1.3 purports to allow a district court to revisit a sentence has already been imposed," however. *Jack*, 566 F. App'x at 332. Any motion under § 5G1.3 should therefore be denied.

As noted, § 2241 is the proper vehicle to challenge the BOP's refusal to enter a *nunc pro tunc* designation of "the state prison as the first place of confinement for [an inmate's] federal sentence." *See id.; Rodriguez v. Pitzer*, 76 F. App'x 519, 520 (5th Cir. 2003) (per curiam). A § 2241 petition must be filed in the district in which the petitioner is incarcerated. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). To entertain a § 2241 habeas petition, a court must have jurisdiction over the prisoner or his custodian upon filing of the petition. *Lee v. Wetzel*, 244 F.3d 370, 373-74 (5th Cir. 2001); *United States v. Gabor*, 905 F.2d 76, 77 (5th Cir. 1990); *Blau v. United States*, 566 F.2d 526, 527-28 (5th Cir. 1978). Defendant is presently confined in Beaumont FCI, which is within the Eastern District of Texas. 28 U.S.C. § 124(c)(2). Because the Court lacks jurisdiction over Defendant or his custodian, his motion should not be construed as a § 2241 petition.[2]

Defendant's motion should also not be construed as arising under 28 U.S.C. § 2255. A § 2255 motion "provides the primary means of collaterally attacking a federal conviction and sentence. Relief under this section is warranted for errors that occurred at trial or sentencing." *Id.* Although Defendant's motion refers to "inadvertence, omissions, and an oversight" regarding the lack of an order that the federal sentence run concurrent with any state sentence (doc. 37 at 1), he does not contend there was any error in his sentencing that would provide the basis of a § 2255 motion.

---

[2] Petitioners must also first exhaust their administrative remedies by seeking administrative review through the BOP before seeking judicial review under § 2241. *Setser*, 607 F.3d at 133.

## IV. RECOMMENDATION

The motion for a *nunc pro tunc* order granting time credit (doc. 37) under U.S.S.G. § 5G1.3(b) should be **DENIED**, and it should not be construed as a § 2241 petition because the Court lacks jurisdiction over Defendant.

**SO RECOMMENDED on this 13th day of May, 2016.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE